**Electronically Filed
Intermediate Court of Appeals
29587
30-MAR-2012
08:06 AM**

NO. 29587

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
HATEM A. EID, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
KANE'OHE DIVISION
(HPD Traffic No. 1DTC-07-045030)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Defendant-Appellant Hatem A. Eid (Eid) was paced by a Honolulu police officer as traveling forty miles over the posted speed limit and cited with Excessive Speeding, in violation of Hawai'i Revised Statutes (HRS) § 291C-105(a)(1) (2007). Before trial, Eid sought to compel discovery of seventeen items[1] and to

---

[1] Eid's motion to compel discovery, filed January 25, 2008, asked the district court to order the prosecution to disclose:

    (a)    HPD departmental policies and procedures for conducting speeding citations;

    (b)    The HPD manual for speeding citations;

    (c)    The make and model of the car or motorcycle;

    (d)    The age of the car or motorcycle;

(continued...)

(...continued)

(e)     The dates and description of repair work done on the car or motorcycle during the period of any applicable speedometer check;

(f)     The age of each tire on the car or motorcycle and any information regarding maintenance of the tires;

(g)     The speed check card, including:

    i.     The name of the auto shop used;

    ii.    The name of the person who conducted the speed check;

    iii.   A description of the procedures used to test the speedometer;

    iv.    Any other records regarding the speed check.

(h)     The maintenance records for any vehicle alleged to have paced [Eid's] speed for the period of any speed checks (in particular, the records relating to the tires and drive train of the vehicle) for one year prior to and one year after the date(s) of the alleged offense;

(i)     Any certification from any government or nongovernmental agency, including any speedometer/odometer check, done on any vehicle alleged to pace [Eid's] speed;

(j)     Any speed reading for [Eid's] vehicle;

(k)     The maintenance records, for one year prior and one year after the date(s) of any alleged offense(s), for any device used to calibrate the speedometer/odometer of any motor vehicle used to pace [Eid' s] motor vehicle;

(1)     The police maintenance records for any other speed measuring device used in this case, for the year prior and one year after the dates of any alleged offense(s), done on any vehicle alleged to have paced [Eid's] speed;

(m)     The manufacturer's operators and maintenance manuals for any other speed measuring device used in this case, for the year prior and one year after the dates of any alleged offense(s), done on any vehicle alleged to have paced [Eid's] speed;

(n)     The speed check device manufacturer's established procedures for verifying and validating that the instrument was in proper working order;

(o)     Written verification that said manufacturer's established procedures were followed;

(p)     Written verification that the speed check device or

(continued...)

exclude evidence of the officer's speedometer reading and the "speed checks" done to verify the accuracy of his speedometer. The District Court of the First Circuit (district court)[2] rejected his requests and found him guilty on December 19, 2008.

Eid appealed, arguing that the district court erred (1) by refusing to compel discovery "where the requested items were material to challenge the admissibility of the alleged speed reading" and (2) by denying his motion in limine to exclude the speedometer reading and speed-check evidence.

In its January 26, 2012 decision in this case, the Hawaii Supreme Court concluded Plaintiff-Appellee State of Hawai'i (State) "provided adequate assurances that the results of the speed checks were reliable" and there was "a sufficient foundation to admit the speed check evidence, and consequently the speedometer reading in this case." State v. Eid, No. SCWC-29587, 2012 WL 503231, at *16, *17 (Haw. Jan. 26, 2012). The supreme court remanded this case to the ICA "for a determination of whether the district court abused its discretion in denying Eid's motion to compel." Id. at *17.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant law, we conclude that the district court did not abuse its discretion in denying Eid's motion to compel.

---

(...continued)
machine was in proper working order;

(q)     Records of regular maintenance, servicing, upkeep, repair, modification and/or calibration of the speed check machine or device performed by the manufacturer (or the manufacturer's duly trained and licensed representative), a year before and a year after the dates of any alleged offenses(s), as well as official maintenance, repair, modification, servicing, and/or calibration manuals for the device in question prepared by and/or relied upon by the manufacturer (or the manufacturer's duly trained and licensed representative).

[2]     The Honorable David W. Lo presided.

Because Excessive Speeding is a criminal traffic offense and a petty misdemeanor, discovery in Eid's case was discretionary. Hawai'i Rules of Penal Procedure (HRPP) Rules 16.1 and 16(d). Discretionary discovery, "may be permitted by the trial judge '[u]pon a showing of materiality and if the request is reasonable,' but only to the extent authorized by HRPP Rule 16 for felony cases." State v. Lo 116 Hawai'i 23, 26, 169 P.3d 975, 978 (2007) (citing State ex rel. Marsland v. Ames, 71 Haw. 304, 309, 788 P.2d 1281, 1284 (1990)). Under HRPP Rule 16(b)(1), the prosecutor in felony cases shall disclose, among other things,

> (iv) any books, papers, documents, photographs, or tangible objects which the prosecutor intends to introduce . . . or which are material to the preparation of the defense and are specifically designated in writing by defense counsel;
>
> . . . .
>
> (vii) any material or information which tends to negate the guilt of the defendant as to the offense charged or would tend to reduce the defendant's punishment therefor.

Eid has maintained that discovery was necessary to obtain information to challenge the accuracy of the officer's speed readings, which if shown to be inaccurate would "tend[] to negate the guilt of the defendant[.]"

On appeal Eid must establish that the district court's failure to order discovery worked to his substantial detriment. See State v. Wong, 97 Hawai'i 512, 517, 40 P.3d 914, 919 (2002) (providing the "abuse of discretion" standard of review). "The burden of establishing abuse of discretion is on appellant, and a strong showing is required to establish it." Id.

Eid did not make a prima facie showing that the speed check evidence or speedometer reading were unreliable, and any claim on his part that the requested discovery would tend to negate his guilt or was material to his defense was speculative. Balancing the record produced in this case with Eid's assertion that the undisclosed information could--but might not-- demonstrate that the officer's speed reading was grossly

4

inaccurate, we conclude that Eid failed to meet his burden of showing that the district court's denial of discovery substantially prejudiced his defense.

During five days of hearings on the motion to compel, two mechanics Roy and Duane Ozaki testified regarding the procedures and equipment they used to test speedometers for HPD officers' vehicles, including the vehicle in this case. The defense cross-examined them and introduced its own expert mechanic to testify about the possibility of errors. Even if we added the margin of error which was measured in the citing officer's speedometer, the margin of error found in the Ozakis' dynamometer (the device used to conduct the speed check), and the errors which the mechanics hypothesized might come from changes in tire size due to wear and improper inflation, that number would not be large enough to create doubt about whether Eid was speeding excessively, given that he was paced at forty miles over the posted speed limit and ten miles over the limit provided in HRS § 291C-105.

Although the district court refused to compel discovery, it allowed the defense to elicit testimony regarding "the applicable speed check card covering the date of citation, any repairs to the speedometer made since the date of the applicable speed check and any change in tire size made since the date of the applicable speed check." The defense did question the officer on these matters at trial. The district court's order indicates that the judge considered the mechanics' testimony on factors affecting the speedometer's reliability and gave Eid the opportunity to obtain information by means that would not unreasonably burden the prosecution.

In the context of the whole record in this case, we cannot conclude that Eid demonstrated that the district court clearly exceeded the bounds of reason or disregarded rules or principles of law to his substantial detriment by denying his

motion to compel discovery.  <u>Wong</u>, 97 Hawai'i at 517, 40 P.3d at 919.

Therefore,

The December 19, 2008 judgment of the District Court of the First Circuit, Kane'ohe Division is affirmed.

DATED:  Honolulu, Hawai'i, March 30, 2012.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

Associate Judge

Associate Judge